UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
ROSELYN ISIGI,

           Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                  1:16-cv-2218(FB)(SMG)
HARRY'S NURSES REGISTRY, INC.,
and HARRY DORVILIER

           Defendants.
--------------------------------------------------x

*Appearances:*
*For the Plaintiff*                      *For the Defendant*
JONATHAN A. BERNSTEIN       ROBERT SCHIRTZER, ESQ.
Levy Davis & Mahler LLP         Law Office of
39 Broadway, Suite 1620          Robert Schirtzer, Esq., P.C.
New York, NY 10006             104-18 Metropolitan Avenue
                                           Forest Hills, NY 11375

**BLOCK, Senior District Judge:**

       On September 7, 2017, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") recommending the Court enter default against Defendants Harry's Nurses Registry, Inc. and Harry Dorvilier ("Defendants") in this action for unpaid overtime wages under the Fair Labor Standards Act because of Defendants' repeated failures to meet court deadlines and participate in discovery. The R&R instructed that "[a]ny objections to the recommendations contained in this Report must be filed with the Clerk of the Court within fourteen days of the date of this Report and in any event no later than September 21, 2017." Defendants objected within the allowed

time period. Therefore, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); *United States v. Tortora*, 30 F.3d 334, 337 (2d Cir. 1994).

# I

Fed. R. Civ. P. 37(d)(1)(A) empowers the court to order sanctions against a party or a party's officer, director, or managing agent if that person fails, after being served with proper notice, to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A). Fed. R. Civ. P. 37(d)(3) allows any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) to be imposed. One such sanction is a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi).

"Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril.' Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost." *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (citation omitted) (quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)). The sanction of default judgment is appropriate "when a court finds willfulness, bad faith, or any fault on the part of the noncompliant party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). The efficacy of lesser sanctions, duration of noncompliance, and existence of fair warning to the noncomplying party are other factors to consider when imposing a default judgment as a

2

Rule 37 sanction. *Id.*

Since the beginning of litigation, Defendants have failed to participate in good faith. Defendants' repeated failures to participate in discovery or attend hearings have led this court to enter default once before, on October 10, 2016. Plaintiff withdrew her motion for default judgment on June 7, 2017 and gave Defendants one more chance to participate meaningfully in the case. Two weeks later, on June 19, 2017, Defendants' counsel failed to appear at a scheduled status conference.

The magistrate judge ordered Defendant Harry Dorvilier ("Dorvilier") to personally appear at a second status conference on June 26, 2017, at which the magistrate judge told him, "any future failures to meet court-imposed deadlines, given the history of this case, will result in a recommendation that he be held in default. Mr. Dorvilier, do you understand me?" Pl's Br. Ex. A 3:18-4:2. Dorvilier responded, "Your Honor, I understand." *Id.* 4:3.

Dorvilier then failed to appear at three consecutive deposition dates, twice claiming health issues and the third time giving no explanation at all. At a status conference on September 7, 2017, the magistrate judge instructed defense counsel to inform his client that default would be entered against him unless he agreed to appear for deposition the following day. Defense counsel informed the magistrate judge that his client would not agree to attend the deposition, and the magistrate judge filed his R&R

the same day.[1]

Defendants filed a letter objection to the R&R, arguing that Dorvilier had good reasons for missing the four deposition dates—twice because of health problems and twice because of work obligations. Defendants' position has no merit. Dorvilier personally agreed to the third deposition date after missing the first two. He still failed to appear without explanation until he had to justify himself after the fact. Nor is his eventual excuse—work obligations—a valid reason to miss a scheduled deposition, especially on a pre-agreed date. Dorvilier's excuses are insufficient to justify his continued abuse of the discovery process.

His excuses are also directly contradicted by his own words. Right before filing his formal letter motion, Dorvilier filed a *pro se* letter with the Court arguing that he should not have to obey its orders because he was unable to obtain Letters of Satisfaction of Judgment related to a different matter, docketed at 1:07-cv-4672(NGG)(MDG), and categorically refusing to attend any deposition until that matter is resolved. This is nothing short of willful defiance of the Court's authority and will not be tolerated.

Dorvilier's defiance of the magistrate judge's orders, after repeated warnings as to the consequences, favor the imposition of a default judgment against Defendants. While

---

[1] Dorvilier is the principal for Defendant Harry's Nurses Registry, Inc. Therefore, his misdeeds are on behalf of both Defendants and justifies the default judgment against both Defendants.

4

Dorvilier is right that the Second Circuit favors disposition on the merits, such disposition is impossible when one party categorically refuses to participate in the discovery process or respect the court's authority.

## II

The magistrate judge's R&R is adopted except for one procedural nuance. Fed. R. Civ. P. 37 allows the Court to directly impose a default judgment, not just a default. Fed. R. Civ. P. 37(b)(2)(A)(vi). Therefore, Defendants' answer is stricken, and a default judgment is entered against them. The matter is referred back to the magistrate judge for consideration of damages and any other appropriate remedies.

**SO ORDERED**

                                      /S/ Frederic Block
                                      FREDERIC BLOCK
                                      Senior United States District Judge

Brooklyn, New York
October 4, 2017