UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROSELYN ISIGI,

                    Plaintiff,                    REPORT AND
                                                                              RECOMMENDATION
              -against-                   16-CV-2218 (FB)

HARRY DORVILIER and HARRY'S
NURSES REGISTRY,

                    Defendants.
-------------------------------------------------------------X
GOLD, S., Magistrate Judge:

## INTRODUCTION

      Plaintiff filed this action on May 3, 2016. Plaintiff's complaint alleges that she was employed by defendants and not paid premium wages for overtime hours she worked. Accordingly, she brings claims under both the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See generally* Complaint ("Compl."), Docket Entry 1. On May 20, 2016, plaintiff filed a Supplemental Complaint adding claims for retaliation. Supplemental Compliant ("Supp. Compl.") ¶¶ 36-43 Docket Entry 9.

      On September 7, 2017, I issued a Report recommending the entry of defendants' default and that plaintiff be permitted to submit a motion for entry of a default judgement. Docket Entry 50. My recommendation was based upon defendants' repeated failures to participate in discovery, including defendant Harry Dorvilier's repeated failures to appear for his deposition.

      Senior United States District Judge Block adopted the Report and Recommendation, but ordered entry of a default judgment—not merely of a default—and referred the matter to me to calculate damages. Memorandum and Order dated October 4, 2017 ("Block M&O"), Docket Entry 56. In reaching his decision to impose a default judgment, Judge Block stated as follows:

> Since the beginning of litigation, Defendants have failed to participate in good faith. Defendants' repeated failures to participate in discovery or attend hearings have led this court to enter default once before, on October 10, 2016. Plaintiff withdrew her motion for default judgment on June 7, 2017 and gave Defendants one more chance to participate meaningfully in the case. Two weeks later, on June 19, 2017, Defendants' counsel failed to appear at a scheduled status conference.
>
> The magistrate judge ordered Defendant Harry Dorvilier ("Dorvilier") to personally appear at a second status conference on June 26, 2017, at which the magistrate judge told him, "any future failures to meet court-imposed deadlines, given the history of this case, will result in a recommendation that he be held in default. Mr. Dorvilier, do you understand me?" Pl's Br. Ex. A 3:18-4:2. Dorvilier responded, "Your Honor, I understand." *Id.* 4:3.
>
> Dorvilier then failed to appear at three consecutive deposition dates, twice claiming health issues and the third time giving no explanation at all. At a status conference on September 7, 2017, the magistrate judge instructed defense counsel to inform his client that default would be entered against him unless he agreed to appear for deposition the following day. Defense counsel informed the magistrate judge that his client would not agree to attend the deposition, and the magistrate judge filed his R&R the same day . . . .
>
> This is nothing short of willful defiance of the Court's authority and will not be tolerated. . . . Therefore, Defendants' answer is stricken, and a default judgment is entered against them. The matter is referred back to the magistrate judge for consideration of damages and any other appropriate remedies.

*Id.* at 3-5.

In support of her claims for damages, plaintiff has submitted a memorandum of law ("Pl.'s Mem."), Docket Entry 61; her own affidavit ("Isigi Aff."), Docket Entry 62; and the affirmation of her counsel ("Bernstein Aff."), Docket Entry 63. Defendants have submitted an opposition memorandum ("Defs.' Mem."), Docket Entry 73; plaintiff has submitted a reply memorandum ("Pl.'s Reply"), Docket Entry 79, and a reply affirmation of her counsel ("Bernstein Reply Aff."), Docket Entry 80; and defendants have submitted a sur-reply affirmation ("Defs.' Sur-Reply Aff."), Docket Entry 83. Having reviewed the submissions of the parties, and for the reasons stated below, I respectfully recommend that plaintiff be awarded

2

$117,318.25 in unpaid overtime wages; $97,510 in liquidated damages on her FLSA and NYLL claims for unpaid overtime wages; $40,412.45 in pre-judgment interest on her claims under NYLL for unpaid overtime wages; $12,096 in lost wages on her retaliation claim; $5000 in emotional distress damages on her retaliation claim; $5000 in liquidated damages on her retaliation claim; and $44,890.58 in attorney's fees and costs.

## DISCUSSION

Plaintiff asserts that she was employed by defendants as a licensed practical nurse from March 1, 2009 until May 18, 2016. Isigi Aff. ¶ 2. Defendants treated plaintiff as an independent contractor until the middle of 2015, and did not pay her any overtime premium when she worked more than 40 hours per week. Isigi Aff. ¶ 3. Plaintiff alleges that, most weeks, she worked for approximately 84 hours at the rate of $24.50 per hour. Isigi Aff. ¶¶ 6, 12. Plaintiff further alleges that, when defendants learned that she had instituted this lawsuit, they retaliated against her by withholding her pay, essentially forcing her to resign. Isigi Aff. ¶¶ 14-16.

Plaintiff is not the first nurse to sue defendants for wage and hour violations. In 2007, Claudia Gayle, also a nurse employed by defendants but treated as an independent contractor, commenced a putative class action against defendants before this Court. *Gayle v. Harry's Nurses Registry, Inc. and Harry Dorvilier*, 07-cv-4672. On March 9, 2009, then Senior United States District Judge Sifton granted partial summary judgment to plaintiff in that case and held that, "[u]nder the economic realities test, plaintiff [Gayle] is an employee within the meaning of the FLSA." *Gayle v. Harry's Nurses Registry, Inc.*, 2009 WL 605790, at *8 (E.D.N.Y. Mar. 9, 2009). The *Gayle* action was subsequently assigned to United States District Judge Garaufis, who held that Judge Sifton's finding of employee status with respect to plaintiff Gayle applied

with equal force to fifty-five similarly situated plaintiffs who opted into that case. *Gayle v. Harry's Nurses Registry, Inc.*, 2012 WL 686860, at *8 (E.D.N.Y. Mar. 2, 2012).

Plaintiff alleges that Isigi worked for defendants under the same conditions as the plaintiffs in *Gayle*. Supp. Compl. ¶¶ 17-19. These allegations are deemed admitted by virtue of defendants' default. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Allstate Ins. Co. v. Mirvis*, 2015 WL 1539671, at *2 (E.D.N.Y. Mar. 31, 2015). Defendants identify no reason why the rulings made by Judge Sifton and Judge Garaufis in *Gayle* should not apply to Isigi in this case. In any event, as noted above, Judge Block has already entered a default judgment against defendants, thus finding them liable to plaintiff on each of the claims asserted in her original and supplemental complaints, and leaving as the only remaining issue the quantum of damages to be awarded.

A. *Overtime Pay*

Plaintiff claims that she generally worked 84 hours per week and that she worked a total of 13,581 overtime hours without being paid any overtime premium. Plaintiff was paid $24.50 and was accordingly entitled to be paid an additional $12.25 for each hour of overtime. Plaintiff thus calculates that defendants owe her $166,367.25 (13,581 x $12.25) in unpaid overtime wages. Bernstein Aff. ¶¶ 23-27.

Defendants challenge plaintiff's calculation of unpaid overtime wages primarily in two respects. First, defendants contend that a portion of plaintiff's claims are time-barred. Plaintiff commenced this action on May 3, 2016. In both her original and supplemental complaints, plaintiff brings unpaid wage claims pursuant to the FLSA and NYLL. Compl. ¶¶ 23, 27; Supp. Compl. ¶¶ 27, 31. Both statutes require employers to pay a premium equal to one-and-one-half

4

times an employee's regular hourly rate for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  An action brought under the FLSA must be commenced within two years of a violation, or within three years of a willful violation.  29 U.S.C. § 255(a).  The limitations period applicable under NYLL is six years.  N.Y. Lab. Law § 198(3).  Accordingly, plaintiff is entitled to recover unpaid overtime wages from as early as six years before filing her complaint, or from May 3, 2010 until she stopped working for defendants.

Plaintiff, however, argues that the circumstances of this case warrant equitable tolling of the limitations period, and that she is therefore entitled to recover overtime wages due her from as early as March 31, 2009, when she contends her employment with defendants began. Plaintiff's argument is based upon an order entered by Judge Sifton in *Gayle* authorizing distribution of a notice of pendency pursuant to 29 U.S.C. § 216(b) and directing defendants to disclose the names and contact information of all persons they employed as nurses from November 7, 2004 through March 9, 2009.  *Gayle*, 2009 WL 605790, at *11.  Plaintiff contends that defendants failed to include her name and contact information in the required disclosure, and that this warrants equitable tolling of the limitations period.  Defendants counter that they did not include plaintiff's information in the disclosure they made pursuant to Judge Sifton's order because she did not begin working for them until April 27, 2009, a date after the disclosure was made.  Defs.' Mem. at 1.

Plaintiff's contention that she began working for defendants in March of 2009 is based only upon her best recollection and a "start of care date" reflected on a document recording the care provided to one of her patients.  *See* Isigi Aff. ¶ 5 and attached exhibit.  The document,

5

while it does indicate a start of care date of March 31, 2009, does not contain plaintiff's name or otherwise indicate when *plaintiff*—as opposed to any other nurse from Harry's Nurses Registry—began caring for the patient. Defendants have also submitted documentation for the Court's review. Defendants' documents indicate that a particular patient was cared for by another nurse until May 4, 2009, when plaintiff began caring for her. Defs.' Mem. Ex. A, Docket Entry 76-1.

Plaintiff argues that defendants' limitations defense should not be considered because their answer has been stricken, and that defendants' Exhibit A should not be considered because it was not produced in discovery. Pl.'s Reply 5-7. Even after entry of a default judgment on liability, however, "[t]he claimant must establish the amount of damages, and the defaulting party is entitled to be heard on the matter." 10 *Moore's Federal Practice* § 55.32[1][c] (3d ed. 2017); *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed."). Accordingly, defendants' argument about the period of time over which damages should be calculated, and the evidence they point to in support of their argument, are properly considered.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Bradshaw v. City of New York*, 2017 WL 6387617, at *2 n.5 (E.D.N.Y. Aug. 22, 2017) ("Generally, a litigant seeking

6

equitable tolling bears the burden." (internal quotation marks and citation omitted)).  Here, as discussed above, defendants have submitted documentary corroboration for their contention that plaintiff was not yet working for them when they disclosed a list of current employees pursuant to Judge Sifton's order.  Plaintiff's document, on the other hand, does not corroborate her claim about when her employment began.  Accordingly, I conclude that plaintiff has not met her burden and respectfully recommend that her application for equitable tolling be denied.

Anticipating this possibility, plaintiff has determined that the overtime wages due her should be reduced by $30,723 if the Court does not accept her argument that the statute of limitations should be tolled.  Bernstein Aff. ¶ 28(c).  This calculation appears to be accurate, and defendants do not contest it.

Defendants contend that plaintiff's calculation should be further reduced because they began paying plaintiff overtime at the beginning of 2015 and not in the middle of the year as plaintiff's calculations assume.  Defendants have submitted documents supporting their position. Dorvilier Sur-Reply Affidavit ¶ 15, Docket Entry 83-1; Defs.' Mem. Ex. F, Docket Entry 73-5 (Isigi pay stub demonstrating payment of overtime wages for pay period ending January 9, 2015).  Although plaintiff reiterates her argument that these documents should not be considered because they were not produced in discovery, I consider them because, as stated above, a defendant has a right to contest the amount of damages claimed even after entry of a default judgment on liability.  Again anticipating this possibility, plaintiff has calculated that her overtime wages due should be reduced by another $18,326 to reflect that she began to receive overtime pay on January 1, 2015 and not in the middle of that year.  Pl.'s Reply at 4 & n.4.

For the reasons stated above, I respectfully recommend that plaintiff be awarded unpaid

7

overtime wages in the amount of $117,318.25 [166,367.25 - (30,723 + 18,326)].

### B. *Liquidated Damages*

A plaintiff who recovers unpaid wages under the FLSA may recover liquidated damages in an equal amount. 29 U.S.C. § 216(b). A court may decline to award liquidated damages, though, if the employer demonstrates that he acted in good faith. 29 U.S.C. § 260. Liquidated damages are also recoverable under New York Labor Law in an amount equal to 25% of wages withheld prior to April 9, 2011 and, as a result of an amendment to the statute, 100% of wages withheld after that date. N.Y. Lab. Law § 663; *Zubair v. EnTech Eng'g P.C.*, 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012).

Applying these changing percentages and assuming her effort at equitable tolling might fail, plaintiff calculates her liquidated damages to be $166,367.25, less $30,723 reflecting overtime for hours worked more than six years before this action was filed, and less $19,808.25, reflecting the lower percentage used for calculating liquidated damages for overtime worked prior to April 9, 2011. Bernstein Aff. ¶¶ 27, 28(c-d). It appears that these calculations fail to make an additional required deduction of $18,326, reflecting the fact that plaintiff began to be paid overtime on January 1, 2015 and not in the middle of that year. Accordingly, having concluded that plaintiff is not entitled to equitable tolling and that she was appropriately paid for overtime hours she worked beginning on January 1, 2015, her liquidated damages claim is for $97,510 [166,367.25 – (30,723 + 19,808.25 + 18,326)].

Defendants do not challenge plaintiff's calculations. Defendants do, however, argue that no liquidated damages whatsoever should be awarded, because they had a good faith basis for treating plaintiff and their other nurses as independent contractors and not paying them overtime wages.

8

Defendants are estopped from contending that they had a good faith basis for failing to pay their nurses overtime wages. As discussed above, Judge Sifton granted summary judgment in favor of plaintiff Gayle, determining that she was an employee and not an independent contractor, and thus entitled to be paid a premium wage for overtime hours she worked. Judge Sifton rendered his decision on March 9, 2009. Nevertheless, defendants continued to pay their nurses as independent contractors and to deny them any overtime premium until January 1, 2015. For that reason among others, Judge Garaufis subsequently awarded Gayle summary judgment on her claim for liquidated damages. *Gayle v. Harry's Nurses Registry, Inc.*, 2010 WL 5477727, at *7 (E.D.N.Y. Dec. 30, 2010). In yet another order, Judge Garaufis again found that defendants had failed to demonstrate good faith and awarded liquidated damages to the certified class of nurses in *Gayle*. *Gayle v. Harry's Nurses Registry, Inc.*, 2012 WL 4174401, at *5 (E.D.N.Y. Sept. 18, 2012). Defendants appealed the rulings made by Judges Sifton and Garaufis, and the Second Circuit affirmed the district court's orders in all respects, including the award of liquidated damages. *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. App'x 714 (2d Cir. 2014).

The reasoning applied by Judge Garaufis in the two decisions referenced above applies with equal force here. Moreover, because defendants had a full and fair opportunity to litigate the identical issue in *Gayle* and it was finally decided against them there, they are precluded from arguing for a contrary result in this case. *See, e.g.*, *Abdelal v. Kelly*, 2018 WL 992307, at *2 (2d Cir. Feb. 21, 2018); *Higgins Ave, LLC v. Stathakis*, 711 Fed. App'x 54, 55 (2d Cir. 2017). I therefore respectfully recommend that plaintiff Isigi be awarded $97,510 in liquidated damages.

9

C. *Prejudgment Interest*

Prejudgment interest is not available under the FLSA. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988); *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 382 (E.D.N.Y. 2013). The NYLL, though, provides for liquidated damages as well as prejudgment interest. N.Y. Lab. Law § 198(1-a). Plaintiff calculates the amount of prejudgment interest she claims is due, assuming her argument for equitable tolling is rejected, to be $40,412.45. Bernstein Aff. ¶ 28(e). Defendants do not challenge plaintiff's calculation. I therefore recommend that plaintiff be awarded this amount.

D. *Damages for Retaliatory Termination*

Plaintiff alleges that, within a week of serving her complaint in this case, a managerial employee of defendants told her that "there is no place you can sue and still work." Supp. Compl. ¶ 23. Thereafter, defendants refused to release plaintiff's paycheck; after several weeks of attempting to secure her pay, plaintiff considered herself discharged and began looking for new work. Isigi Aff. ¶¶ 14-16.[1]

Plaintiff, who had been earning $2,016 per week while employed by defendants, found new employment in six weeks. Accordingly, she seeks $12,096 in lost wages. *Id*. ¶ 16. Plaintiff seeks an additional $20,000 in compensatory damages for emotional distress, as well as $20,000 in liquidated damages.

Plaintiff's claim for lost wages is supported by her affidavit and not meaningfully

---

[1] Some of the facts supporting plaintiff's retaliation claim are asserted only in her affidavit and not in her complaint, and accordingly are not deemed admitted by virtue of defendants' default. Plaintiff's Supplemental Complaint, though, does assert a claim for retaliation, Supp. Compl. ¶¶ 36-38, and Judge Block has already entered a default judgment on liability, Block M&O at 5. Accordingly, an award of damages for retaliatory termination is warranted.

contested by defendants. I therefore recommend an award of $12,096 in lost wages. Her claim for emotional distress damages, though, seems excessive. Plaintiff was represented by counsel when she was denied payment, and accordingly had ready access to reassuring legal advice about her rights. Moreover, plaintiff was unemployed for only a very short period of time. Finally, plaintiff had just filed a lawsuit, and that may well have triggered much of her anxiety. In light of these circumstances, I recommend that plaintiff be awarded $5000 in emotional distress damages.

New York Labor Law provides that the court "shall award liquidated damages" of up to $20,000 to any employee retaliated against for exercising her rights under that law. N.Y. Lab. Law § 215(1)(a). The language of the statute is mandatory. In light of the limited magnitude of the impact upon plaintiff, though, I respectfully recommend an award of $5000 in liquidated damages under this section.

E. Attorney's Fees and Costs

Both the FLSA and NYLL provide that a prevailing party shall be awarded reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). In this Circuit, courts awarding attorneys' fees calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). To determine whether an hourly rate is reasonable for a particular case, courts "should rely on reasonable hourly rates approved by other courts in the District and [their] own familiarity with the prevailing rates in its District." *Trs. of the Local 813 I.B.T. Ins. Trust Fund v. Sprint Recycling, Inc.*, 2010 WL 3613839, at *4

(E.D.N.Y. Aug. 6, 2010), *report and recommendation adopted by* 2010 WL 3613834 (E.D.N.Y. Sept. 15, 2010).

A party seeking an award of attorney's fees must submit contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work performed. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also Bond v. Welpak Corp.*, 2017 WL 4325819, at *6 (E.D.N.Y. Sept. 26, 2017) ("[A]n attorney requesting a fee award bears the burden of supporting his or her application by submitting accurate, detailed and contemporaneous time records." (internal quotation marks and citations omitted)).

Eastern District cases awarding attorney's fees have concluded that the "prevailing rates for experienced attorneys [in this District] range from approximately $300-400 per hour." *Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (citation omitted); *see also D'Annunzio v. Ayken, Inc.*, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners" and "$100 to $300 per hour for associates."); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates.").

Plaintiff's counsel submitted time and expense records in support of plaintiff's original motion. These records indicate that plaintiff's counsel spent 92.98 hours, billed at $400 per hour, litigating this case. Counsel also spent 3.75 hours traveling, and asks to be awarded half his regular rate for his travel time. In addition, a paralegal spent seven hours, billed at $80 per

12

hour, assisting counsel. Finally, counsel seeks reimbursement of $1,287.41 in expenses, comprised mostly of the court's filing fee, process server fees, and transcript fees. Taken together, counsel's time and expenses at the time the pending motion was brought totaled $39,657.25. Bernstein Aff. ¶¶ 40-48 and Ex. 10, Docket Entry 63-14.[2]

Plaintiff's counsel has submitted additional records in connection with plaintiff's reply papers. These records indicate that counsel spent an additional 12.88 hours preparing plaintiff's reply, and was assisted by his paralegal for one hour, resulting in a total of $5,233.33 additionally billed. Bernstein Reply Aff. ¶ 5 and Ex. 20. When this amount is added to the time and expenses reflected in the records counsel submitted originally, the total in fees and expenses claimed is $44,890.58.

Plaintiff's counsel has submitted time records as required by *Carey*. The hourly rate sought by counsel is within the range typically approved in the Eastern District of New York. The rate is particularly appropriate here, where counsel worked independently and accordingly did not bill for time meeting with colleagues to discuss the case. The number of hours spent by counsel is likewise reasonable, particularly in light of defendants' multiple failures to comply with the Court's scheduling orders, which required plaintiff's counsel to spend time seeking relief. Finally, defendants do not specifically object to the number of hours spent or the hourly rate sought by plaintiff's counsel. Rather, the only argument defendants raise in opposition to awarding plaintiff's counsel the fees and reimbursement he seeks is based upon a challenge defendants have made to the fees sought by plaintiff's counsel in *Gayle*. Defs.' Mem. at 12.

---

[2] Although counsel's affidavit seeks $39,675.25 in fees and costs, the time and expense records attached as an exhibit to the affidavit appear to indicate a total of $39,790.70. *Compare* Bernstein Aff. ¶ 48 *with* Bernstein Aff. Ex. 10. Unable to explain this discrepancy, I recommend awarding the lower amount.

13

Whatever the merits of defendants' challenge to the attorney's fees sought in the *Gayle* case, it has no bearing here.  Accordingly, I respectfully recommend that the Court award $44,890.58 in attorney's fees and expenses as part of the final judgment entered in this case.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff be awarded $117,318.25 in unpaid overtime wages; $97,510 in liquidated damages on her FLSA and NYLL claims for unpaid overtime wages; $40,412.45 in pre-judgment interest on her claims under NYLL for unpaid overtime wages; $12,096 in lost wages on her retaliation claim; $5000 in emotional distress damages on her retaliation claim; $5000 in liquidated damages on her retaliation claim; and $44,890.58 in attorney's fees and costs.

Any objections to the recommendations contained in this Report must be filed with the Clerk of the Court within fourteen days of the date of this Report and in any event no later than March 28, 2018.  Failure to object to this Report may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *See Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                   /s/
                                      STEVEN M. GOLD
                                      UNITED STATES MAGISTRATE JUDGE

Brooklyn, New York
March 14, 2018

*U:\#VAR 2017-2018\Isigiv.Harry'sNurses\Isigi_v_Harry'sNurses_16_CV2218(FB)_FINAL.docx*