UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ROSELYN ISIGI,

                   Plaintiff,

     -against-

HARRY DORVILIER and HARRY'S NURSES
REGISTRY,

                  Defendants.
-------------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**

Case No. 1: 16-cv-2218 (FB)(SMG)

*Appearances:*
*For the Plaintiff*:
JONATHAN A. BERNSTEIN, ESQ.
299 Broadway, Suite 1310
New York, New York 10007

*For the Defendants*:
EDWARD IRIZARRY, ESQ.
Law Office of Edward Irizarry, PC
260 Madison Ave, 8th Fl.
New York, New York 10016

**BLOCK, Senior District Judge:**

Plaintiff Roselyn Isigi brought this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On October 4, 2017, this Court imposed a default judgment against defendants and referred the matter to Magistrate Judge Gold to calculate damages. On March 24, 2018, Judge Gold recommended plaintiff be awarded $277,336.70 in damages and $44,890.58 in attorney's fees and costs, which this Court adopted. Defendants appealed and, on February 7, 2020, the Second Circuit affirmed the default judgment.

Plaintiff now moves for attorney's fees and costs for uncompensated work done before this Court and for work done on appeal. This motion is unopposed.

* * *

The FLSA allows "a reasonable attorney's fee to be paid by the defendant" when plaintiff prevails. *Young v. Cooper Cameron Corp.,* 586 F.3d 201, 208 (2d Cir. 2009) (quoting 29 U.S.C. § 216(b)). This entitlement to fees and costs extends to work done on a successful appeal. *Id*.

Isigi certainly prevailed before this Court and the Second Circuit's affirmance brands plaintiff as the prevailing party on appeal. *See Cush-Crawford v. Adchem Corp.,* 234 F. Supp. 2d 207, 212 (E.D.N.Y. 2002)("[P]laintiff is a prevailing party because the Second Circuit affirmed the [] damage award"). As such, Isigi is entitled to recover attorney's fees and costs for work done since December 10, 2017.[1]

A party seeking attorney's fees must submit "contemporaneous time records" specifying "the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Plaintiff's counsel's records indicate that he spent 70.167 hours, billed at $400 per hour, on this case since December 10, 2017 and a paralegal spent 4.05 hours, billed at $80 per hour, assisting. Counsel also seeks reimbursement of $18.18 in costs.

---

[1] December 10, 2017 was the cut off for Judge Gold's award of attorney's fees as plaintiff filed her reply in support of default judgment on December 10, 2017. *See* Dkt. #87; Berstein Reply Aff ¶5 (Dkt. #79). As such, plaintiff is entitled to attorney's fees and costs accrued post-reply at the district court level, in addition to any work done on appeal. *See Young,* 586 F.3d at 208.

Counsel submitted these records in compliance with *Carey*. And, he requests the same hourly rate adopted by Judge Gold—a rate within the range commonly approved in this district. *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238 (E.D.N.Y. 2014).

The number of hours spent is likewise reasonable considering the hours were expended over two years. Additionally, defendants' counsel moved to withdraw the afternoon before oral argument at the Second Circuit. After granting the withdrawal, the Circuit decided to take the matter on submission, but plaintiff's counsel had already spent hours preparing for oral argument. Notably, defendants do not object to counsel's requested number of hours or hourly rate.

Accordingly, plaintiff's motion for attorney's fees and costs is granted in the amount of $26,671.35.

**IT IS SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

June 22, 2020
Brooklyn, New York